UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

PATRICK BULL,

                                             Plaintiff,

    -against-


THE CITY OF NEW YORK; MELVIN CORDERO;
BRIAN FEELEY; and JOHN and JANE DOE 1-10,
individually and in their official capacities (the names
John Doe being fictitious, as the true names are
presently unknown),


                                    Defendants.
-----------------------------------------------------------------------X

***COMPLAINT AND***
***JURY DEMAND***


Docket No.

1:15:cv-4291


ECF CASE

Plaintiff Patrick Bull, by his attorney Joseph Indusi, Esq. of London Indusi, LLP, for his

complaint against the above Defendants alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments to the United States Constitution, in addition to violations of the Laws of the State

of New York.

2. The claim arises from a December 12, 2014 incident in which defendants, acting under

color of state law, unlawfully stopped Mr. Bull inside the lobby of his residence for no valid

reason. The Defendants grabbed Mr. Bull by the arms and dragged him out of the building. The

Defendants unlawfully placed Mr. Bull under arrest. Mr. Bull was wrongfully arrested and held in

police custody for approximately five (5) days. On February 14, 2015, Mr. Bull's case was

dismissed by motion of the District Attorney's Office.

3. Plaintiff seeks monetary damages (compensatory, and punitive) against defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

7. Plaintiff Patrick Bull ("Plaintiff" or "Mr. Bull") resided at all times in Kings County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the

2

rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Melvin Cordero ("Cordero") Shield No. 26046 was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Cordero was, at the time relevant herein, a Police Officer under Shield # 26046 of the 77th Precinct. Defendant Cordero is sued in his individual capacity.

12. Defendant Brian Feeley ("Feeley") Shield No. 2768 was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Feeley was, at the time relevant herein, a Police Officer under Shield # 2768 of the 77th Precinct. Defendant Feeley is sued in his individual capacity.

13. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 15 are sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

16. Within 90 days of the events rising to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller.

17. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

18. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL CHARGES

19. On December 12, 2014, at approximately 6:00 p.m., Mr. Bull was walking into his girlfriend's residence at 80 Schenectady Avenue, County of Kings, Brooklyn, New York.

20. Mr. Bull was with his ten year old daughter, Ziaya Gillian, and her brother, Malcolm Hines.

21. Mr. Bull and Mr. Hines had picked up Ms. Gillian from school at PS 5 and had just walked home.

22. Mr. Bull did not commit any crime or violate any law or local ordinance.

23. Mr. Bull was not driving a motor vehicle, or a vehicle of any kind.

24. Defendants, including Defendant Cordero and Defendant Feeley, ran into the lobby of the building at 80 Schenectady Avenue.

25. The Defendants had their guns drawn on Mr. Bull, Mr. Hines, and Ms. Gillian when they entered the lobby of the building.

26. The Defendants did not observe Mr. Bull commit a V.T.L. infraction or commit any crimes.

27. The Defendants grabbed Mr. Bull by the arms and pulled him out of the building.

28. Ms. Gillian ran into Apt 1F because she was scared of the men with guns.

29. The Defendants, including Cordero and Feeley, acting in concert, unlawfully handcuffed Mr. Bull outside of 80 Schenectacy Avenue.

4

30. The Defendants searched Mr. Bull's person without permission or authority.

31. No contraband or anything of illegality was found on Mr. Bull.

32. The Defendants, including Cordero and Feeley, placed Mr. Bull under arrest and transported him to the 77th Precinct.

33. Mr. Bull did not resist arrest.

34. Mr. Bull was transported to central bookings.

35. While Plaintiff was in central booking, Defendants, including Defendant Cordero and Defendant Feeley, acting with malice, conveyed and forwarded false information to prosecutors in order to have plaintiff prosecuted for a Felony of Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree, and other related charges.

36. Mr. Bull spent approximately 24 hours unlawfully confined until he was arraigned on those charges.

37. At his arraignment, because of the Defendants false information, a Judge set bail at $10,000 and the case was adjourned for Grand Jury Action.

38. Mr. Bull remained incarcerated for approximately five (5) days before posting bail and being released.

39. Defendants, including Defendant Cordero and Defendant Feeley, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Bull's arrest, including a false claim they had observed Mr. Bull driving a motor vehicle.

40. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

41. Defendants spoke to one or more prosecutors at the Kings County District Attorney's office and falsely informed them that Mr. Bull was driving a motor vehicle on December 12,

2014.

42. Notwithstanding the fact that Mr. Bull's was dismissed by motion of the District Attorney's Office, the identification of Mr. Bull as a person driving with a suspended license by Defendants would be likely to influence a trial jury's decision to convict him.

43. During all of the events described, defendants acted maliciously and with intent to injure plaintiff.

44. Upon information and belief, at all times relevant hereto, Defendants were involved in the decision to arrest plaintiff without probable cause.

45. Upon information and belief, at all times relevant hereto, Defendants failed to intervene in the actions of his fellow officers when they observed them arresting plaintiff without probable cause.

46. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages: Violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, Violation of New York State Law, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

47. The above paragraphs are here incorporated by reference as though fully set forth.

48. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest Under
42 U.S.C. § 1983

50. The above paragraphs are here incorporated by reference as though fully set forth.

51. The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

52. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

53. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

54. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

56. The above paragraphs are here incorporated by reference as though fully set forth.

57. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

58. Plaintiff was conscious of his confinement.

59. Plaintiff did not consent to his confinement.

60. Plaintiff's arrest and false imprisonment was not otherwise privileged.

61. Defendant City, as employer of Officer Defendants, is responsible for their

7

wrongdoing under the doctrine of *respondeat superior*.

62. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983

63. The above paragraphs are here incorporated by reference as though fully set forth.

64. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging Mr. Bull committed unlawful acts.

65. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

66. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourteenth Amendments of the United States Constitution.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

68. The above paragraphs are here incorporated by reference as though fully set forth.

69. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

70. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

71. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

72. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law Against All Defendants

73. The above paragraphs are here incorporated by reference as though fully set forth.

74. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

75. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

76. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

77. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Negligent Hiring/Training/Retention Under
New York State Law

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and

careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

80. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

81. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

82. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

83. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

84. The above paragraphs are here incorporated by reference as though fully set forth.

85. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

86. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

87. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

10

**WHEREFORE**, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

    A.  In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    C.  Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

    D.  Awarding Plaintiff reasonable attorneys' fees and costs pursuant to  28 U.S.C. § 1988; and

    E.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: July 21, 2015
       Brooklyn New York

                            Respectfully submitted,

                            _____/s/ Joseph Indusi, Esq._____

                            *Joseph Indusi, Esq.*
                            Bar Number: JI6499
                            Attorney for Mr. Bull
                            London Indusi LLP
                            186 Joralemon Street
                            Suite 1202
                            Brooklyn, NY 11201
                            (718) 301-4593 – Phone
                            (718) 247-9391 – Fax
                            Joe@LondonIndusi.com